[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15592
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00396-EAK-MAP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSIAH FORNOF,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 15, 2013)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Josiah Fornof appeals his 120-month guideline sentence, imposed after a jury convicted him of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and (2).  On appeal, Fornof argues that: (1) his sentence was "unreasonably lengthy," and that the district court "did not properly analyze" the 18 U.S.C. § 3553(a) sentencing factors; and (2) the sentencing court failed to adhere to the "parsimony clause" of the statute, which dictates that a sentence be sufficient, but not greater than necessary, to accomplish the stated purposes of sentencing.  After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir.2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  In reviewing sentences for reasonableness, we typically perform two steps.  Id. at 1190.  First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any

2

deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]

If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 552 U.S. at 51). Applying "deferential" review, we must determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir.2005). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir.2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will not reweigh the relevant § 3553(a) factors, and will not remand for resentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

outside the range of reasonable sentences.  United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009).

The party challenging the sentence bears the burden to show it is unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.), cert. denied, 131 S.Ct. 674 (2010). While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable.  Talley, 431 F.3d at 788.

For starters, we are unpersuaded by Fornof's argument that the district court violated the "parsimony clause" by sentencing him to a greater sentence than necessary.  Indeed, we have criticized the use of the phrase "parsimony principle" when referencing the "sufficient, but not greater than necessary" sentencing requirement of § 3553(a) because the phrase "tends to slant the discussion toward shorter sentences by emphasizing only" the need to avoid sentences that are too long.  See United States v. Irey, 612 F.3d 1160, 1196-97 (11th Cir. 2010) (en banc), cert. denied, 131 S.Ct. 1813 (2011).

Moreover, Fornof has failed to show that his 120-month guideline sentence was substantively unreasonable.[2]  The nature and circumstances of the offense -- possession of firearms by a convicted felon -- involve threatening law enforcement

---

[2]    Fornof raises no challenge to the procedural reasonableness of his sentence, and accordingly, has waived any claim in this respect.  See United States v. Jernigan, 341 F.3d 1273, 1283 n. 8 (11th Cir.2003) (holding that issues not raised in an initial brief on appeal are deemed abandoned).

with those weapons, and Fornof openly discussing and demonstrating with a confidential informant how he would ambush and shoot police on his property. See 18 U.S.C. § 3553(a)(1). Fornof's history and characteristics include aggravated assault and battery on a law enforcement officer, improper exhibition of a firearm, escape, possession of marijuana, DUI, trespass, and driving a vehicle off the designated highway. See id. Upon noting that these crimes indicate that Fornof does not respect the laws of the United States, the court specifically imposed a sentence to promote respect for the law and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). Further, Fornof was a danger to himself and the community, as evidenced by an incident described by the court where an individual was forced to break through the fence on Fornof's property to escape Fornof and his family. 18 U.S.C. § 3553(a)(2)(C) (protect the public from further crimes of defendant). The court also warned Fornof that if he committed further offenses after his release from prison, he might face life imprisonment. 18 U.S.C. § 3553(a)(2)(B) (afford adequate deterrence to criminal conduct).

To the extent that Fornof requests that we reweigh the § 3553(a) factors, we will not do so. See Langston, 590 F.3d at 1237. Moreover, Fornof's sentence was within the guideline range, and we ordinarily expect such a sentence to be reasonable. Talley, 431 F.3d at 788. Based on the totality of the circumstances,

we cannot say that the district court imposed a sentence that lies outside the range of reasonable sentences.

**AFFIRMED.**